**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| RAMI SHALHOUB, | : | Civil No. 10-6780 (FSH) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| JAMES DEPRETA, et al., | : | |
| | : | |
| Defendants. | : | |

It appearing that:

1. On December 28, 2010, the Clerk received from Plaintiff, an immigration detainee at York County Prison in York, Pennsylvania, an undated Complaint asserting violation of his constitutional rights under 42 U.S.C. § 1983 by Rochelle Park Police Department, Officer Depreta and Chief Zavinsky.  Plaintiff asserts that on January 22, 2007, Officer Depreta stopped him while he was driving a Lincoln Town car, took him into custody, and seized $876.00 in cash and the car.  Depreta allegedly released Plaintiff and instructed him to return with the car's owner.  Plaintiff asserts that he returned to the police station with Firas Al Salibi, the person who had loaned him the car, and a notarized statement from the owner authorizing retrieval of the car.  According to Plaintiff, Depreta seized the green Chevrolet van driven by Al Salibi, which contained $15,500.00 belonging to Plaintiff.  Plaintiff claims that defendants have neither returned his $16,376.00 nor initiated forfeiture proceedings.

2. On January 10, 2011, the Clerk received a supplement to the Complaint.  Plaintiff asserts that he was released from federal prison on August 11, 2008, <u>see</u> <u>United States v.</u>

Shalhoub, Crim. No. 07-0614 (KSH) judgment (D.N.J. Dec. 11, 2007), and he has been detained by the Department of Homeland Security since that time.  Plaintiff further alleges that on July 7, 2010, Plaintiff received a copy of a letter from the Rochelle Police Department to the ACLU stating that Plaintiff's cash was seized as terrorist funds and used to purchase computers.

3.  By Order entered January 1, 2011, this Court administratively terminated the case because Plaintiff had neither prepaid the $350.00 filing fee nor submitted an affidavit of indigence seeking permission to proceed in forma pauperis.

4.  Plaintiff thereafter submitted an affidavit of indigence.

5.  This Court will reopen the file, grant Plaintiff's application to proceed in forma pauperis, and dismiss the Complaint because Plaintiff's claims are barred by res judicata.

6.  The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court to review a complaint in a civil action in which a prisoner seeks redress against a governmental employee or entity or is proceeding in forma pauperis.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a).  The PLRA requires the Court to sua sponte dismiss at any time a claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

7.  Unbeknownst to this Court, Plaintiff filed an identical complaint in the United States District Court for the Middle District of Pennsylvania on or about December 27, 2010, which Chief Judge Kane transferred to this Court on January 18, 2011.  See Shalhoub v. Depreta, Civil No. 10-2640 order of transfer (M.D. Pa. Jan. 18, 2011).  Judge Linares dismissed Plaintiff's federal claims as barred by the two-year statute of limitations.  See Shalhoub v. Depreta, Civil

2

No. 11-0368 (JLL) order (D.N.J. docketed Feb. 28, 2011), aff'd C.A. No. 11-1739 (3d Cir. July 21, 2011).  Plaintiff appealed, and on July 21, 2011, the United States Court of Appeals for the Third Circuit affirmed, holding that Plaintiff's federal claims were time barred and that equitable tolling was not warranted.  See Shalhoub v. Depreta, C.A. 11-1739 slip op. (3d Cir. July 21, 2011).

8.  "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'  Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.' New Hampshire v. Maine, 532 U.S. 742, 748, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001).  Issue preclusion, in contrast, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim. Id., at 748-749." Taylor v. Sturgell 128 S.Ct. 2161, 2171 (2008); see also Allen v. McCurry, 449 U.S. 90, 94 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action").  "In order to prevail on a defense of res judicata, a defendant must demonstrate that there has been: (1) a final judgment on the merits in a prior suit; (2) involving the same parties or their privies; and (3) a subsequent suit based on the same cause of action". Elkadrawy v. Vanguard Group, Inc., 584 F. 3d 169, 172 (3d Cir. 2009).

9.  A district court may sua sponte dismiss a claim on res judicata grounds where "a court is on notice that it has previously decided the issue presented . . . .  This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in

3

avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." <u>Arizona v. California</u>, 530 U.S. 392, 412 (2000) (citation and internal quotation marks omitted).

10.  Plaintiff's federal claims presently before this Court are barred by res judicata because Plaintiff litigated them in the case dismissed by Judge Linares, and the dismissal of his claims as time barred was affirmed by the Third Circuit.  This Court will dismiss the federal claims raised in the Complaint and supplement as barred by res judicata and, because amendment of the Complaint would be futile, this Court will not grant leave to amend.  This Court declines to exercise supplemental jurisdiction over claims arising under New Jersey law.

11.  An appropriate Order accompanies this Memorandum Opinion.


                                        s/ Faith S. Hochberg
                                        **FAITH S. HOCHBERG, U.S.D.J.**

Dated: July 22, 2011